UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **BRIAN MCCRACKIN,** | } |
| Plaintiff, | } |
| v. | } Case No.: 7:25-cv-17-ACA |
| **REX MEDICAL L.P., et al,** | } |
| Defendants. | } |

## MEMORANDUM OPINION AND ORDER

Inferior vena cava filters are medical devices that filter blood clots traveling from the lower body to the heart and lungs. Because of Plaintiff Brian McCrackin's history of deep vein thrombosis and pulmonary embolism, he received an IVC filter in 2012. But twelve years later, Mr. McCrackin experienced complications when the filter's leg fractured and penetrated the wall of his vein. Mr. McCrackin now sues the filter's manufacturer—Rex Medical L.P., Rex Medical Inc., Rex Medical Device Development L.L.C, (collectively, "the Rex defendants")—and its marketer and distributor, Argon Medical Devices, Inc.

Mr. McCrackin asserts four claims against Argon: defects under the Alabama Extended Manufacturers' Liability Doctrine ("Count Two"); negligence ("Count Four"); wantonness ("Count Six"); and breach of implied warranties ("Count Seven"). Argon moves to dismiss all claims against it. For the reasons stated below,

the court **GRANTS IN PART** and **DENIES IN PART** Argon's motion. The court **DISMISSES** all failure to warn claims and Count Seven against Argon **WITH PREJUDICE**. The court **DENIES** Argon's motion in all other respects.

I.  BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

IVC filters prevent blood clots from traveling from a patient's lower body to his lungs and heart. (Doc. 56 ¶¶ 21–22). But retrievable IVC filters are not designed to remain in a patient indefinitely. (*Id.* ¶¶ 24–31). The Rex defendants received FDA approval to design and manufacture retrievable IVC filters, including the Option IVC filter. (*Id.* ¶¶ 32–35). Rex licensed Argon to be the exclusive marketer and distributor of the device. (*Id.* ¶ 13). Argon marketed the device as a "permanent" solution, failed to warn providers that the device should not be implanted for an indefinite period, and did not adequately warn of the risk of "tilt, fracture, migration, and/or perforation." (Doc. 56 ¶¶ 49, 52, 88–91).

Mr. McCrackin received an Option IVC filter in 2012. (*Id.* ¶¶ 54–56). Argon did not warn him nor his physician of the filter's risk of fracture nor the danger of leaving the device implanted for an extended period. (*Id.* ¶¶ 88, 91, 94). Twelve years later, Mr. McCrackin experienced complications because one of the filter's legs

2

fractured and penetrated the wall of a vein. (*Id*. ¶¶ 57–62). Mr. McCrackin's spine grew around the fractured leg. (Doc. 56 ¶ 62). Ultimately, medical professionals removed the Option IVC filter, but Mr. McCrackin suffered permanent injuries. (*Id*. ¶¶ 63–64).

**II.   DISCUSSION**

Argon moves to dismiss all failure to warn claims against it because of the learned intermediary doctrine. Argon also argues Alabama Innocent Seller Act bars all the claims against it. The court will address each argument in turn. Other than its argument that the Innocent Seller Act bars the asserted claims, Argon does not move to dismiss Mr. McCrackin's claims for design defect and negligent and wanton marketing. So the court does not address those claims, and they will proceed.

1. <u>Failure to Warn</u>

Argon moves to dismiss all claims for its failure to warn because of the learned intermediary doctrine. Argon contends (1) it had no duty to warn Mr. McCrackin, (2) to the extent it had a duty to warn his physician, it did not breach that duty owed, and (3) Mr. McCrackin did not sufficiently plead that any breach caused his injuries. (Doc. 58 at 7–12). Because the court finds that Argon owed Mr. McCrackin no duty and Mr. McCrackin did not sufficiently plead that any failure to warn his physician caused his injuries, the court does not address Argon's other arguments.

3

To the extent Mr. McCrackin argues Argon did not warn him personally (*see, e.g.*, doc. 56 ¶¶ 91, 94), Argon had no duty to do so. Alabama's learned intermediary doctrine requires medical device manufacturers and distributors to notify physicians, not individual patients. *Morguson v. 3M Co.*, 857 So. 2d 796, 801–02 (Ala. 2003). Thus, any claim based on Argon's duty to warn Mr. McCrackin fails.

Mr. McCrackin also contends that Argon failed to warn his physicians about the risks associated with the device. (Doc. 56 ¶¶ 88, 111, 126; doc. 62 at 14–15). To state a claim, Mr. McCrackin must plead factual allegations that show the "failure to warn [the physician] was the actual and proximate cause of [his] injury." *Wyeth Inc. v. Weeks*, 159 So. 3d 649, 673 (Ala. 2014), *superseded on other grounds by statute*.

But Mr. McCrackin has not sufficiently pleaded that Argon's breach caused his injuries. No facts allege that had Mr. McCrackin's physician known about the alleged risks, the physician would have taken a different course of treatment or not used the Option IVC filter. *See id.* (noting the "warning is measured by its effect on the physician" (quotation marks omitted)). Mr. McCrackin's causation allegations are conclusory. (*See* doc. 56 ¶¶ 91, 116, 128); *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). He outlines no factual allegations that show his doctor relied on Argon's representations or acted because of Argon's failure to warn. *Compare*

4

(doc. 56 ¶¶ 54–64, 88–91, 116), *with Smith v. AngioDynamics, Inc.*, 731 F. Supp. 3d 1262, 1270 (M.D. Ala. 2024) (finding the plaintiff properly pleaded a failure to warn claim by showing the doctor relied on the defendant's representations).[1] Accordingly, the court **GRANTS** Argon's motion and **DISMISSES** Mr. McCrackin's failure to warn claims **WITH PREJUDICE**.

### 2. Argon's Affirmative Defense

Argon also argues the Alabama Innocent Seller Act, an affirmative defense, bars the claims against it. (Doc. 58 at 12–17). The statute provides, in pertinent part, that "[n]o product liability action may be asserted or may be provided a claim for relief against any distributor" absent a distributor's "independent acts unrelated to the product design or manufacture, such as independent acts of negligence, wantonness, warranty violations, or fraud." Ala. Code § 6-5-521(b)(4); (*see* doc. 62 at 33–34).

A motion to dismiss is generally not the proper vehicle to assert an affirmative defense. *See Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1225 n.8 (11th Cir. 2016) ("Generally, the existence of an affirmative defense will not support a motion to dismiss." (quotation marks omitted)). A court may grant a motion to dismiss based

---

[1] Although *Smith* is a district court opinion, the court finds it persuasive. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060 (11th Cir. 2022).

on an affirmative defense when an affirmative defense "appears on the face of the complaint." *Id*.

At this stage, Argon's affirmative defense does not warrant dismissal of Mr. McCrackin's claims. Argon argues that Mr. McCrackin must plead allegations that show the affirmative defense does not apply. (*See, e.g.*, doc. 63 at 5). But Mr. McCrackin does not have to negate an affirmative defense in his allegations. *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024). Accordingly, the court **DENIES** Argon's motion to dismiss all claims against it based on the ISS.

### 3. Count Seven

Because the court found the statute of limitations barred Mr. McCrackin's breach of implied warranty claim, the court dismissed it with prejudice. (Doc. 55). Accordingly, the court again **DISMISSES** this claim against Argon **WITH PREJUDICE**.

## III. CONCLUSION

For the reasons stated above, the court **GRANTS IN PART** and **DENIES IN PART** Argon's motion. The court **DISMISSES** Mr. McCrackin's failure to warn claims and Count Seven against Argon **WITH PREJUDICE**. The court **DENIES** Argon's motion in all other respects.

**DONE** and **ORDERED** this January 8, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE